# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony P. Vandersommen,  )<br>   Petitioner, )<br>vs. )<br>Charles L. Ryan, et al., )<br>   Respondents. ) | No. CV-10-345-TUC-FRZ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Anthony P. Vandersommen, presently incarcerated at the Arizona State Prison-Eyman, Meadows Unit, in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 12), and Petitioner's Reply (Doc. 21). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition on the ground that it is time barred.

## FACTUAL AND PROCEDURAL BACKGROUND

Vandersommen was convicted in the Superior Court of Cochise County of three counts of possession of drug paraphernalia, marijuana and methamphetamine, and two counts of aggravated assault against a police officer. (Doc. 12, Ex. B.) On March 24, 2006, he was sentenced to concurrent terms for each count, the longest of which was ten and one-half years. (*Id.*)

Vandersommen filed an appeal that was dismissed on October 4, 2006, pursuant to his request to voluntarily withdrawal it. (Doc. 12, Exs. D, J.) He filed a Notice of

Postconviction Relief (PCR) on November 27, 2006. The trial court dismissed his fully-briefed PCR proceeding on the merits on January 30, 2008. (*Id.*, Ex. G.) Vandersommen sought review in the Arizona Court of Appeals, which was granted but relief was denied on November 14, 2008. (*Id.*, Exs. C, G.) His subsequent petition for review in the Arizona Supreme Court was denied on June 12, 2009. (*Id.*, Ex. I.)

Vandersommen filed his petition in this Court on June 14, 2010, alleging two claims of ineffective assistance of counsel. (Doc. 1.)

## **DISCUSSION**

Respondents argue that Vandersommen's petition is time barred. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Vandersommen's convictions became final. The Arizona Court of Appeals dismissed Vandersommen's appeal at his request on October 4, 2006. Typically, when an Arizona petitioner completes the process at the court of appeals level, and does not petition the state supreme court, the judgment becomes final thirty days later when his time to seek such review expires, Ariz. R. Crim. P. 31.19. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (assessing § 2244 finality in light of the Arizona rules), *cert. denied*, 129 S. Ct. 33 (2008); *Wixom v.*

- 2 -

*Washington*, 264 F.3d 894, 898 (9th Cir. 2001). However, the parties disagree about when the judgment became final in light of Vandersommen's voluntary withdrawal of his appeal. Respondents argue it was final on the day the appellate court granted the withdrawal, while Vandersommen contends it was not final until the thirty days to seek further review ran out.

The Ninth Circuit stated, with respect to § 2244(d)(1), that a petitioner's conviction was final on the date he voluntarily dismissed his direct appeal; however, that conclusion ultimately was not dispositive of the statute of limitations holding in the case. *See White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002). Other courts have agreed that a conviction is final at the time of voluntary dismissal because further review is no longer available. *See United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) (citing *United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005)); *Brown v. Quarterman*, No. 3-06-CV-1821-K, 2007 WL 949800, at \*2 & n.1 (N.D. Tex. Mar. 28, 2007) (collecting cases on point and noting that almost all courts have reached the same conclusion); *Cooper v. Cooke*, No. CV06-00271DAE-LEK, 2006 WL 3124907, at \*3 (D. Haw. Oct. 30, 2006); *Lemons v. Conway*, No. CV05-243-S-MHW, 2006 WL 560642, at \*2 (D. Idaho Mar. 7, 2006). This is the logical conclusion because there is no adverse decision from which an appellant could seek further review. In Arizona a petition for review to the supreme court must be filed within 30 days of the appellate court's **decision**, must attach a copy of the **decision**, and must state the issues **decided** by the court of appeals for which the petitioner seeks review. Ariz. R. Crim. P. 31.19 (a), (c). In Vandersommen's case, there was no decision by the court of appeals about which he could petition for review. Therefore, his judgment was final on the date of the dismissal. The statute of limitations began to run, absent tolling, the next day, October 5, 2006.

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Vandersommen contends he filed a Notice of PCR on March 27, 2006, which was rejected for failure to notarize his signature. (Doc. 17, Ex. 2.) He notarized his signature and states that he returned the notice to the superior court in April 2006, but the clerk failed to file it. (*Id.*, Ex. 1.) Vandersommen contends, however,

1  that the superior court acted on his notice by appointing counsel. The superior court did
2  appoint Joy Bertrand as counsel, however, it appears she was appointed to represent him on
3  appeal not for purposes of PCR proceedings. (Doc. 12-1 at 26, 28, 29.)  The documents
4  suggesting that Bertrand was appointed as PCR counsel were drafted by Bertrand not the
5  court. (*Id.* at 31-32; Doc. 17, Exs. 3, 4.) Regardless, Vandersommen acknowledges that his
6  notice was never filed at the superior court. (Doc. 17 at 4-5.) Therefore, at the time his appeal
7  was dismissed he did not have a properly filed PCR application pending and the limitations
8  period began to run.

9  Petitioner's counsel filed a proper Notice of PCR on November 27, 2006, which
10  triggered tolling as of that date. *See Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056
11  (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona
12  Rule of Criminal Procedure 32.4(a)). The limitations period ran for 53 days before it was
13  tolled by this properly filed PCR proceeding. The period began running again on June 13,
14  2009, the day after the Arizona Supreme Court denied review of his PCR proceeding. The
15  one year limitations period expired on April 20, 2010.[1]

16  Vandersommen requested that this Court consider his federal habeas petition filed as
17  of May 12, 2010, when he first attempted to mail it to the Court. (Docs. 3, 5, 6; Doc. 17 at
18  3 & Ex. 10.) Accepting May 12 as his filing date, the petition was filed after the limitations
19  period ran and was untimely under § 2254(d)(1)(A).

20  Vandersommen also contends he satisfies § 2254(d)(1)(B) – suspending the beginning
21  of the limitations period while a State impediment precludes filing – because the failure of
22  the superior court clerk to file his PCR notice in March prevented him from filing his PCR
23  proceeding until November 2006. Petitioner argues that, due to this impediment, the
24  limitations period should be tolled from March 27, 2006, to November 25, 2006. Although
25  subsection B is not a tolling provision, Petitioner appears to be urging the argument that the

---

[1]   Respondents calculate the limitations period as expiring on April 23, 2010; however, the variation is irrelevant.

- 4 -

limitations period should not have begun to run until November 2006, at which time it was tolled by a properly filed PCR petition. The relevant question is whether state action prevented Vandersommen from timely filing a federal habeas application. He does not even argue that occurred. Rather, he contends only that the State impeded Petitioner from properly filing a PCR proceeding, which arguably prevented tolling of the statute for 53 days. Because the State did not impede Vandersommen from filing his federal petition, subsection B is not triggered.

The AEDPA's statute of limitations can be equitably tolled, *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), and Vandersommen contends it should be in his case. To demonstrate entitlement to equitable tolling, a petitioner generally must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As articulated by the Ninth Circuit, the limitations period may be equitably tolled "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). The threshold for equitable tolling is very high and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles*, 187 F.3d at 1107).

Vandersommen contends the Court should equitably toll the limitations period because the clerk of the superior court failed to file his PCR notice, and counsel provided erroneous information regarding the expiration date of the limitations period. First, the superior court's alleged failure to file Petitioner's March 2006 PCR notice was not an extraordinary circumstance preventing him from timely filing his habeas petition. At most, the fact that Petitioner did not have a PCR proceeding pending at the time he dismissed his appeal allowed 53 days of his limitations period to run before it was tolled by counsel's filing of a PCR notice. This left Petitioner more than 300 days to prepare his federal petition, therefore, it did not prevent him from timely filing in federal court and it is not an

1 extraordinary circumstance.

2 Second, the Court looks at counsel's alleged conduct. *See Holland*, 130 S. Ct. at 2563 (finding that there may be circumstances when unprofessional conduct amounts to egregious behavior warranting equitable tolling). Vandersommen alleges, based on a September 22, 2006 letter, that his counsel assured him she would file a PCR notice the following week. (Doc. 17, Ex. 5.) On October 31, 2006, she again wrote him to say she would file the notice as soon as she received an affidavit back from him. (*Id.*, Ex. 6.) Counsel filed the notice on November 27, 2006. As stated above, only 53 days of the limitations period ran before it was tolled by counsel's filing of the PCR notice. This brief delay does not amount to an extraordinary circumstance, nor did it prevent Petitioner from filing his federal habeas petition in the more than 300 days remaining in the period.

12 Petitioner also points to two letters dated November 2, 2009, from his PCR counsel in which she informed him that he had one year from the Arizona Supreme Court's final ruling in which to file his habeas petition, thus, she stated it would be due on June 12, 2010. (Doc. 17, Exs. 8, 9.) There is no question counsel miscalculated the date on which the limitations period would run and provided Petitioner with erroneous information. However, the Supreme Court has stated that a "garden variety claim of excusable neglect" does not entitle a party to equitable tolling, *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990), and has held explicitly that attorney miscalculation does not qualify for equitable tolling, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (finding that attorney error is insufficient particularly in the postconviction context in which counsel is not constitutionally guaranteed). In this instance, although counsel provided Vandersommen with erroneous advice, he was representing himself with respect to the federal petition. If an attorney's error in filing a petition late is not grounds for equitable tolling, then erroneously advising a pro se petitioner certainly does not satisfy the standard. Further, a petitioner's pro se status alone does not warrant equitable tolling, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), nor does "lack of legal sophistication," *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

1  Considering all the allegations asserted by Petitioner together, including the fact that
2 his first PCR notice was not filed and the actions of his PCR counsel, they do not amount to
3 extraordinary circumstances that impeded him from timely filing. Petitioner is not entitled
4 to equitable tolling.

5  The petition is untimely pursuant to 28 U.S.C. § 2254(d)(1), and Petitioner has not
6 established entitlement to equitable tolling.  Accordingly, the petition is time-barred.[2]

### RECOMMENDATION

8  Based on the foregoing, the Magistrate Judge recommends that the District Court enter
9 an order DISMISSING the Petition for Writ of Habeas Corpus.

10  Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
11 written objections within fourteen days of being served with a copy of the Report and
12 Recommendation. If objections are not timely filed, they may be deemed waived. If
13 objections are filed, the parties should use the following case number: **CV 10-345-TUC-**
14 **FRZ**.

15  DATED this 25th day of March, 2011.

_____
D. Thomas Ferraro
United States Magistrate Judge

---

[2] Although the record is not fully developed, it does not appear from Vandersommen's allegations in the petition that he could establish that the Arizona Court of Appeals' opinion denying his claims, including its summary of the relevant facts, (Doc. 12, Ex. C) was unreasonable pursuant to 28 U.S.C. § 2254(d)(1)-(2).